## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

ALLSTATE INSURANCE COMPANY,    )
    )
    **Plaintiff,**    )
    )
    **v.**    )    **CAUSE NO. 1:15-CV-65**
    )
ANDREW SERAFINI, et al.,    )
    )
    **Defendants.**    )

## OPINION AND ORDER

On March 11, 2015, Plaintiff Allstate Insurance Company filed a complaint against Defendants, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket # 5.) In the complaint, Plaintiff, which alleges it is an Illinois corporation with a principal place of business in Illinois, states that Defendants Andrew Serafini and Abbigale L. Harris are each residents of Indiana, the Estates of Johnny J. Kidwell and James A. McCune are pending in Indiana, and Clifford A. McCune and Clair McCune are citizens of Indiana. (Compl. ¶¶ 1, 2.)

Plaintiff's jurisdictional allegations with respect to Defendants, however, are inadequate. As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

With respect to the four individual Defendants, residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which

depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).  Therefore, Plaintiff must advise the Court of the domicile of each of the four individual Defendants, which demonstrates citizenship.

With respect to the two Defendant Estates, under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." *Gustafson v. zumBrunnen*, 546 F.3d 398, 400-01 (7th Cir. 2008) (noting that the federal diversity statute treats the legal representative of a decedent's estate as a citizen of the same state as the decedent); *accord Hunter v. Amin*, 583 F.3d 486, 491-92 (7th Cir. 2009). Therefore, Plaintiff must recite the domicile of each decedent at the time of his death, and in turn, the citizenship of each Estate.

Therefore, Plaintiff is ORDERED to file on or before March 27, 2015, an Amended Complaint that properly alleges the citizenship of Defendants.

SO ORDERED.

Enter for this 13th day of March 2015.

s/ Susan Collins
Susan Collins,
United States Magistrate Judge