# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

ALLSTATE INSURANCE COMPANY,  )
        )
        Plaintiff,  )
        )     CAUSE NO. 1:15-cv-65-PPS-SLC
      v.     )
        )
ANDREW SERAFINI,  )
ABBIGALE L. HARRIS, ESTATE OF  )
JOHNNY J. KIDWELL, ESTATE OF  )
JAMES A. McCUNE, CLIFFORD A.  )
McCUNE, AND CLAIR McCUNE,  )
        )
        Defendants.  )

## OPINION AND ORDER

This case is related to a tragic automobile accident that occurred in Wells County, Indiana in which two individuals were killed and one was injured. The parents of the driver of the automobile, which was borrowed from a friend of the driver, were insured by Allstate. Allstate brought this declaratory judgment action seeking a declaration that defendant Andrew Serafini (the driver of the car) is not covered under his parents' automobile insurance policy issued by Allstate. Allstate now seeks a judgment on the pleadings [DE 26]. For the reasons stated below, Allstate's motion is granted.

Prior to addressing Allstate's motion, I must first address Andrew Serafini's lack of participation in this action. Serafini has failed to timely answer or otherwise defend against the Third Amended Complaint served on him on April 1, 2015. [See DE 17.] Indeed, he was personally served the summons at Wells County Jail. It appears that

Serafini has since been relocated. On December 18, 2015, I entered an order granting

Serafini until January 4, 2016 to respond to the Third Amended Complaint and

cautioned him that if he failed to do so, a default judgment would be entered against

him and the factual allegations in the Third Amended Complaint would be deemed

admitted by him. [DE 28.] A copy of that order was mailed to Serafini at Wells County

Jail and subsequently returned to sender with a hand notation on the envelope reading

"NOT HERE." [DE 32 at 3.]

I have given Serafini ample opportunity to participate in this action. He has had

eight months to respond to the Third Amended Complaint and I attempted to warn him

about the risks he runs if his failure to participate continues. He neglected to respond to

the Third Amended Complaint and to keep the Court apprised of his current address at

his own peril. In fact, Serafini has not had any contact with the Court since this action

was initiated and has shown no intent to defend. It is time for this matter to proceed

without him. Rule 55(a) provides that default should be entered against any party

"against whom a judgment for affirmative relief is sought [who] has failed to plead or

otherwise defend." For these reasons, I now order entry of a default against Serafini.

*See Analina Fabrique de Colorants v. Aakash Chemicals & Dyestuffs, Inc.*, 856 F.2d 873, 877

(7th Cir. 1988) (upholding a *sua sponte* entry of default after the defendant failed to

answer the complaint over an extended period of time).

I move next to Allstate's Motion for Judgment on the Pleadings. "Even when a

defendant has defaulted, it is not appropriate simply to enter judgment for the

plaintiffs. Rather, before receiving a default judgment in its favor, a plaintiff must demonstrate that it is entitled to judgment as a matter of law." *Butler v. Chromcraft Revington, Inc.*, No. 2:14CV237 JD, 2015 WL 4743636, at *2 (N.D. Ind. Aug. 4, 2015) (quotation marks omitted, quoting *Cass County Music Co. v. Muedini*, 55 F.3d 263, 265 (7th Cir. 1995)). "[I]n the case of a default, this circuit follows the rule that the well-pleaded allegations of the complaint relating to liability are taken as true." *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (internal quotations omitted).

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). "Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). For purposes of this analysis, a copy of a written instrument that is an exhibit to a pleading is part of the pleading. *See* Fed. R. Civ. P. 10(c); *Warzon v. Drew*, 60 F.3d 1234, 1237 (7th Cir. 1995).

On the date of the accident, October 14, 2014, Allstate had in effect a policy of automobile insurance issued to Sean and Angela Serafini, Andrew's parents. [DE 8-1.] Andrew Serafini was not a named insured or a listed driver under the Policy. Allstate alleges that on that date, Andrew was operating a 2006 Chevrolet Equinox owned by Clifford McCune with the apparent permission of James A. McCune. [DE 8 at ¶ 13.]

The Serafinis did not own the Chevrolet and it was not a covered vehicle under the Policy. [*Id.*] The Chevrolet operated by Serafini left the traveled portion of the road and struck a tree, fatally injuring two of its passengers, James A. McCune and Johnny J. Kidwell, and non-fatally injuring a third passenger, Abbigale L. Harris. [*Id.* at ¶¶ 14, 16.] At the time of the accident, Serafini had a blood alcohol content of .156% and was charged criminally with, and pled guilty to, two offenses of Operating a Motor Vehicle While Intoxicated Resulting in Death and was sentenced for his crimes to consecutive terms of three years for each on February 18, 2015. [*Id.* at ¶ 15.] The Estate of Johnny M. Kidwell and Abbigale L. Harris both have retained counsel to pursue tort claims against Serafini and in each case, counsel for the plaintiff asserted that Serafini may or may not be an insured person under the Policy. [*Id.* at ¶ 17.]

The Policy defines "Insured Person(s)," while using a "non-owned auto," as "a. you, and b. any resident relative." [DE 8-1 at 22.] "Resident" is defined by the Policy as "a person who physically resides in your household with the intention to continue residence there. We must be notified whenever an operator becomes a resident of your household. Your unmarried dependent children while temporarily away from home will be considered residents if they intend to resume residing in your household." [*Id.* at 18.] Because Andrew Serafini was neither a listed driver nor a named insured on the Policy, the only way that he could be an insured person under the policy is if he was a resident of the Serafini household at the time of the accident. In its Third Amended Complaint, Allstate contends "that Andrew was not a resident of the Serafinis'

household at the time of and prior to the Incident and, as a result, was not an insured person under the Policy." [DE 8 at ¶ 21.] As a result of his default, this allegation is deemed admitted by Andrew Serafini.[1] There is, therefore, no dispute among the parties that Andrew was not a resident of the Serafinis' household at the time of the accident. Andrew Serafini was, therefore, not an insured under the Policy at the time of the October 14, 2014 accident and would not be covered by its provisions for that accident. Because there are no remaining material issues of fact to be resolved, Allstate is entitled to the relief requested in its Third Amended Complaint.

For these reasons, the Court:

(1) **ORDERS** the entry of **DEFAULT JUDGMENT** against Andrew Serafini;

(2) **GRANTS** Allstate's Motion for Judgment on the Pleadings [DE 26]; and

(3) **ORDERS** the clerk to enter a declaratory judgment that Andrew Serafini was not an insured person under Sean and Angela Serafini's automobile insurance policy issued by Allstate at the time of the October 14, 2014 accident, there is no liability insurance coverage under that policy for any damages any of the defendants may seek to recover from Andrew Serafini as a result of that accident, and Allstate has no duty to defend Andrew Serafini should a civil action(s) be instituted as a result of that accident. Upon the entry of judgment this case is

---

[1] In addition, this allegation also was admitted by the four defendants that have answered the Third Amended Complaint, Abbagail L. Harris, Estate of Johnny J. Kidwell, Leslie Kidwell, and Polly Kidwell. [DE 20 at 10-11.] Furthermore, this allegation is deemed admitted by the three additional defaulted defendants, Clifford A. McCune, Clair McCune, and the Estate of James A. McCune. [DE 25.]

now **CLOSED**.

**SO ORDERED**.

Entered: January 27, 2016

         _s/ Philip P. Simon_____
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**